No. 20-3129

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| INDIANA RAIL ROAD COMPANY, ASSOCIATION OF AMERICAN RAILROADS, and AMERICAN SHORT LINE AND REGIONAL RAILROAD ASSOCIATION, | ) ) ) ) ) | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ILLINOIS COMMERCE COMMISSION, together with its members, CARRIE ZALEWSKI, SADZI MARTHA OLIVA, D. ETHAN KIMBREL, MARIA S. BOCANEGRA, and MICHAEL T. CARRIGAN, in their official capacities, | ) ) ) ) ) ) ) ) | No. 1:19-cv-06466 |
| Defendants, | ) ) | |
| and | ) ) | |
| THE BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN and TRANSPORTATION DIVISION OF THE SHEET METAL, AIR, RAIL TRANSPORTATION WORKERS, | ) ) ) ) ) ) | The Honorable EDMOND E. CHANG, |
| Intervenor-Defendants. | ) | Judge Presiding. |

## JURISDICTIONAL MEMORANDUM OF
## STATE DEFENDANTS-APPELLANTS

Pursuant to this court's order of November 2, 2020, State Defendants-

Appellants Illinois Commerce Commission ("ICC") and its members in their official

capacities, Carrie Zalewski, Sadzi Martha Oliva, D. Ethan Kimbrel, Maria S. Bocanegra, and Michael T. Carrigan, submit the following memorandum addressing whether this appeal should be stayed pending resolution of State Defendants' motion to correct the judgment.

## BACKGROUND

1.      In September 2019, Plaintiffs-Appellees Indiana Rail Road Company, Association of American Railroads, and American Short Line and Regional Railroad Association filed a complaint in the district court against the ICC and its members in their official capacities, challenging an Illinois law that requires a minimum of two crew members on all freight trains operating in Illinois, 625 ILCS 5/18c-7402 § 2(d) (Pub. Act 101-0294 § 5(2)(d)) ("Crew Size Law").  Doc. 1 at 1-2.[1]  They sought a declaration that the Crew Size Law was preempted under three federal statutes: (1) the Federal Railroad Safety Act, 42 U.S.C. § 20106(a)(1), due to the Federal Railroad Administration's ("FRA's") withdrawal of a Notice of Proposed Rulemaking, *Train Crew Staffing*, 84 Fed. Reg. 24,735, 24,741 (May 29, 2019); (2) the Regional Rail Reorganization Act, 45 U.S.C. § 797j; (3) and the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501(b).  *Id.* at 16-21. Plaintiffs also requested a declaration that the Crew Size Law was ineffective and unenforceable according to its own sunset provision.  *Id.* at 19, 21.  Finally,

---

[1]  The district court's docket, which is the record on appeal, is cited as "Doc.__ at __," and this court's docket is cited as "7th Cir. Doc. __ at __."

plaintiffs sought to enjoin the enforcement of the Crew Size Law under 42 U.S.C. § 1983 and the court's general equitable powers.  *Id.* at 21-22.

2.     To the extent that that the Eleventh Amendment to the United States Constitution affects a court's subject matter jurisdiction, the district court lacked jurisdiction over plaintiffs' claims against the ICC.  *See* Doc. 96 at 11 (dismissing all claims against ICC as barred by Eleventh Amendment); *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 391 (1998) (Supreme Court has "not decided" whether immunity under Eleventh Amendment "is a matter of subject-matter jurisdiction"); *compare Mercado v. Dart*, 604 F.3d 360, 361 (7th Cir. 2010) ("[T]he eleventh amendment limits the jurisdiction of federal courts."), *with Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) ("The Eleventh Amendment is unusual in that it does not strictly involve subject matter jurisdiction.").  Otherwise, the district court had subject matter jurisdiction over plaintiffs' federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over their state claim under 28 U.S.C. § 1367.

3.     Two unions of railroad workers, the Brotherhood of Locomotive Engineers and Trainmen, and the Transportation Division of the Sheet Metal, Air, Rail Transportation Workers, sought leave to intervene as defendants in the action, Doc. 29, which the district court granted, Doc. 33.  The parties filed cross-motions for summary judgment under Federal Rule of Civil Procedure ("FRCP") 56.  *See* Docs. 48 (plaintiffs); 54 (defendants-intervenors); 63 (State Defendants).

4. On September 30, 2020, the district court entered an order granting in part plaintiffs' motion for summary judgment on the basis that the Crew Size Law was preempted by the FRA's withdrawal decision. Doc. 96 at 10-11. Because the court granted plaintiffs' motion on this ground, it did not reach their other challenges. *Id.* at 5. Correspondingly, the court denied State Defendants' and defendants-intervenors' motions for summary judgment, except that it dismissed plaintiffs' 42 U.S.C. § 1983 claim against State Defendants with prejudice and also dismissed the ICC from the action on all counts because plaintiffs' claims against it were barred by the Eleventh Amendment. *Id.* at 11-12.

5. On October 1, 2020, a separate judgment order under FRCP 58 was entered on the district court's docket. Doc. 97. The judgment provided that the action was resolved based on motions for summary judgment but stated only that "[d]eclaratory judgment [is] entered in favor of the Plaintiffs and against the Defendants. The Crew Size Law, Public Act 101-0294, Section 2d, is preempted by the Federal Railroad Administration Withdrawal Order, 84 Fed. Reg. 25, 735 (May 29, 2019)." *Id.* As such, the judgment omitted the portions of the district court's September 30 order dismissing the 42 U.S.C. § 1983 claim against State Defendants with prejudice and dismissing the ICC on all counts based on the Eleventh Amendment. *See* Doc. 96 at 11-12.

6. On October 29, 2020, State Defendants filed an unopposed motion in the district court to correct these omissions under FRCP 60(a), Docs. 98, 104, which permits the district court to "correct a clerical mistake or a mistake arising from

oversight or omission whenever one is found in a judgment," Fed. R. Civ. P. 60(a).

FRCP 60(a), however, requires the district court to obtain the appellate court's leave

before correcting a judgment if an appeal from that judgment has been docketed

and is pending. *Id.* Because State Defendants intended to file a notice of appeal

that same day, they asked the district court to indicate whether it was inclined to

grant their motion. Doc. 98 at 2. If the district court were so inclined, but the

appeal was docketed before the motion was resolved, then this court could grant a

limited remand of the case to allow for modification of the judgment. *Id.* (citing 7th

Cir. R. 57).

7.     That same day, the ICC members filed a notice of appeal from the

portion of the district court's September 30, 2020 order and October 1, 2020

judgment that granted plaintiffs summary judgment on the basis that the Crew

Size Law was preempted. Doc. 99. To the extent that the judgment was adverse to

the ICC, the ICC also appealed that portion of the court's order and judgment. *Id.*

at 2.

8.     On November 2, 2020, this court ordered State Defendants to explain

why this appeal should not be stayed pending resolution of their motion to correct

the judgment. 7th Cir. Doc. 5. Specifically, this court suggested that State

Defendants' appeal "may be premature" because their post-judgment motion may be

a timely FRCP 59 motion to amend the judgment, in which case, under Federal

Rule of Appellate Procedure ("FRAP") 4(a)(4), the notice of appeal would not become

effective until the district court disposed of that motion. *Id.* at 1.

9.      Then, on November 6, 2020, the district court indicated that, "if remanded for the limited purpose to correct the judgment, the Court would grant the motion to modify the judgment to reflect the dismissal of all claims against the [ICC] and the dismissal of the 42 U.S.C. § 1983 claim against the State Defendants with prejudice." Doc. 105.

10.     State Defendants respond to this court's November 2, 2020 order as follows.

## DISCUSSION

11.     As explained below, State Defendants' motion to correct the judgment was properly brought under FRCP 60(a), and not under FRCP 59(e). This court has not yet addressed whether a motion filed under FRCP 60(a) and within 28 days of the judgment's entry is a motion "for relief under Rule 60" such that it would toll the time for filing a notice of appeal under FRAP 4(a)(4)(A)(vi). If, as three other federal courts of appeals have determined, an FRCP 60(a) motion tolls the time for filing a notice of appeal under FRAP 4(a)(4)(A)(vi), then this court should stay this appeal and clarify that the district court has jurisdiction to resolve the FRCP 60(a) motion. Otherwise, it should enter a limited remand under FRCP 60(a) and Circuit Rule 57 so that the district court may dispose of that motion.

12.     Generally, a notice of appeal from a final judgment in a civil case must be filed within 30 days of that judgment's entry. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). If, however, a party files a post-judgment motion of a certain type, then the time to file a notice of appeal is tolled until the district court resolves the

motion. Fed. R. App. P. 4(a)(4)(a). And if a party files a notice of appeal from the judgment before the district court has disposed of any such motion, then the notice will not "become[ ] effective to appeal [the] judgment" until the district court disposes of the motion. Fed. R. App. P. 4(a)(4)(B)(i).

13. As this court indicated, *see* 7th Cir. Doc. 5, a timely FRCP 59(e) motion to alter or amend the judgment is the type of motion that tolls the time to file a notice of appeal, Fed. R. App. P. 4(a)(4)(A)(iv). To be timely, such a motion must be filed within 28 days of the judgment's entry. Fed. R. Civ. P. 59(e). In this case, State Defendants' October 29, 2020 motion to correct omissions from the FRCP 58 judgment was filed within 28 days of the judgment's entry on October 1, 2020, *see* Docs. 97, 98, and so if it is construed as an FRCP 59(e) motion, it tolled the time to file a notice of appeal and rendered their notice of appeal premature, *see Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). In that event, the notice of appeal filed on October 29, 2020, would spring into effect once the district court ruled on the motion. Fed. R. App. P. 4(a)(4)(B)(i).

14. State Defendants' motion, which was properly brought under FRCP 60(a), however, should not be construed as an FRCP 59(e) motion. As noted, FRCP 60(a) permits a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). That is, "if the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction." *Klingman v. Levinson*, 877 F.2d 1357, 1360-61 (7th Cir. 1989) (cleaned up); *see HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377,

386 (7th Cir. 2011) (explaining that FRCP 60(a) is used "to correct clerical mistakes that subvert the court's intention with respect to the original judgment").

15.     If, however, "the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *Klingman*, 877 F.2d at 1361.  FRCP 59(e) provides one such source of authority.  It permits a party to move the district court within 28 days of a judgment's entry "to alter or amend" that judgment.  Fed. R. Civ. P. 59(e).  To succeed on such a motion, the movant must "clearly establish[ ] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal quotations omitted).

16.     Accordingly, if a motion is "merely one to correct a clerical error, . . . it would not be a motion to alter or amend the judgment within the meaning of Rule 59(e); clerical errors are corrected under Rule 60(a)." *Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062, 1065 (7th Cir. 1992); *see Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1247 (7th Cir. 1982), *aff'd*, 465 U.S. 752 (1984) (explaining that FRCP 59(e) motion "seeks correction of an error of substantive law," while FRCP 60(a) motion "seeks correction of a clerical error of transcription, copying, or calculation") (internal quotations omitted).

17.     Here, State Defendants properly moved to correct the judgment under FRCP 60(a) because they sought to have the judgment corrected to reflect the full scope of relief originally ordered by the district court.  In the district court's

summary judgment order, it granted summary judgment to plaintiffs on their claim that the Crew Size Law was preempted by the FRA's withdrawal notice, dismissed the ICC as a named party on all counts, and dismissed the 42 U.S.C. § 1983 claim against State Defendants with prejudice. Doc. 96 at 11-12. But the FRCP 58 judgment reflected only the grant of summary judgment to plaintiffs, omitting the dismissal of the ICC as a named party on all counts and the dismissal with prejudice of the 42 U.S.C. § 1983 claim against State Defendants. *See* Doc. 97.

18.     A similar situation arose in *Spray-Rite Service*, where the district court included an assessment of costs in its order but that assessment was omitted from the judgment. 684 F.2d at 1247. This court determined that a motion seeking to correct the judgment to include the assessment of costs was governed by FRCP 60(a), not FRCP 59(e). *Id.*; *see also Am. Fed'n of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994) (motion to strike portions of judgment not included in district court order was FRCP 60(a) motion); *Trzcinski v. Am. Cas. Co.*, 901 F.2d 1429, 1431 (7th Cir. 1990) (district court could amend judgment under FRCP 60(a) to reflect original intent to resolve counterclaim); *cf. Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986) (party's motion to alter judgment to include it as liable defendant sought substantive change under FRCP 59(e) rather than clerical correction under FRCP 60(a)). Here, too, State Defendants properly sought relief under FRCP 60(a) to correct the judgment so that it would include all the relief ordered by the district court.

19.     Nevertheless, State Defendants' FRCP 60(a) motion may have tolled the time for filing a notice of appeal and rendered their notice of appeal premature. Under FRAP 4, a motion "for relief under Rule 60" filed within 28 days of entry of the judgment will toll the time for filing a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(vi). The question, then, is whether an FRCP 60(a) motion to correct a clerical error is a motion "for relief" under FRCP 60 for purposes of FRAP 4.

20.     Although this court has determined that an FRCP 60(b) motion tolls the time for filing a notice of appeal under FRAP 4(a)(4)(A), *see Obriecht*, 517 F.3d at 493, it has not squarely addressed whether an FRCP 60(a) motion filed within 28 days of a judgment's entry is a motion "for relief" under FRAP 4(a)(4)(A)(iv). Instead, it has held only that an FRCP 60(a) motion filed outside of the time limit prescribed by FRAP 4(a)(4)(A) "does not restart or toll the allowable time period for a timely appeal." *Am. Fed'n*, 15 F.3d at 727-28 (citing *Local 1545, United Mine Workers of Am. v. Inland Steel Coal Co.*, 876 F.2d 1288, 1291-92 n.4 (7th Cir. 1989)).[2]

21.     Every circuit to have addressed this specific question has concluded that, based on the plain language of FRAP 4, an FRCP 60(a) motion filed within FRAP 4(a)(4)(A)'s time limit tolls the time for filing a notice of appeal. *See, e.g.*, *Catz v. Chalker*, 566 F.3d 839, 841-42 (9th Cir. 2009); *Dresdner Bank AG v. M/V*

---

[2] Motions for relief under FRCP 60 were not included as qualifying motions under FRAP 4(a)(4)(A) until that rule was amended in 1993. Fed. R. App. P. 4, Notes of Advisory Comm. on Rules, 1993 Amendment; *see Obriecht*, 517 F.3d at 493. Thus, decisions pre-dating that amendment that analyze whether FRCP 60(a) motions toll the time for filing a notice of appeal are inapplicable here.

*OLYMPIA VOYAGER*, 465 F.3d 1267, 1270-72 (11th Cir. 2006); *Dudley ex rel. Estate of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 665 (2d Cir. 2002); *see also Internet Fin. Servs., LLC v. Law Firm of Larson-Jackson, P.C.*, 394 F. Supp. 2d 1, 5 (D.D.C. 2005) (determining FRCP 60(a) motion tolled time for filing notice of appeal); *Meadows v. Allied Pilots Ass'n*, 822 F. App'x 653, 660 (10th Cir. 2020) (concluding that both FRCP 59(e) and FRCP 60(a) motions toll time for filing notice of appeal); *Rhodes v. Hartford Fire Ins. Co.*, 548 F. App'x 857, 859 (4th Cir. 2013) (assuming but not deciding that FRCP 60(a) motion tolls time for filing notice of appeal).[3]

22.     The Ninth Circuit noted that FRAP 4(a)(4)(A)(vi) refers to motions for relief under FRCP 60, rather than distinguishing between subsections (a) or (b) of that rule. *Catz*, 566 F.3d at 841-42. It explained that "[i]f [FRAP] 4(a)(4)(A)(vi) were intended to be limited to motions under Rule 60(b), it would have been clearer and simpler for it to refer to 'Rule 60(b),'" and it was "unlikely that the drafters of [FRAP] 4 decided to rely upon subtle indirection by use of the words 'for relief' to indicate that only motions under Rule 60(b) are covered." *Id.* Additionally, the court pointed out, "Rule 60 is entitled 'Relief from a Judgment or Order.' Although

_____

[3] Like this court, *see Am. Fed'n*, 5 F.3d at 728, the Third and Fifth Circuits have concluded that FRCP 60(a) motions do not toll the time limit to appeal, but only when analyzing motions that were not filed within FRAP 4(a)(4)(A)'s time limit, *see Oriakhi v. Wood*, 250 F. App'x 480, 481 (3d Cir. 2007) (citing *Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137, 1139 n.1 (3d Cir. 1993)); *Crossland Sav. v. Fentie*, No. 92-2920, 1993 WL 261031, at *2 (5th Cir. 1993) (per curiam) (citing *Lieberman v. Gulf Oil Corp.*, 315 F.3d 403, 404 (2d Cir. 1963)). These decisions, therefore, do not create a circuit split.

the word 'relief' appears only in section 60(b), the title suggests that both 60(a) and 60(b) motions may be viewed as seeking 'relief.'" *Id.* at 842. Accordingly, the court concluded, FRAP 4 "applies to all motions under Rule 60." *Id.*

23. If this court agrees that an FRCP 60(a) motion filed within 28 days of a judgment's entry tolls the time for filing a notice of appeal, then it should conclude that State Defendants' notice of appeal was premature under FRAP 4, meaning that it currently lacks jurisdiction over this appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i) (notice of appeal not effective until post-judgment motion has been resolved); *Robinson v. City of Harvey*, 489 F.3d 864, 871 (7th Cir. 2007) (analyzing FRAP 4 based on plain language).[4] If that is the case, this court should stay this appeal pending resolution of State Defendants' FRCP 60(a) motion and clarify that the district court currently has jurisdiction to resolve that motion without this court's leave.

24. Alternately, should this court conclude that an FRCP 60(a) motion filed within 28 days of a judgment's entry does not toll the time for filing a notice of appeal, then State Defendants' notice of appeal was timely filed within 30 days of the judgment's entry. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). In that

---

[4] Additionally, unlike the 30-day time limit for filing a notice of appeal, *see Bowles v. Russell*, 551 U.S. 205, 213 (2007), the tolling provision in FRAP 4(a)(4)(A) does not have a statutory basis, *see* 28 U.S.C. § 2107; *Obaydullah v. Obama*, 688 F.3d 784, 789-91 (D.C. Cir. 2012). The tolling provision is thus a non-jurisdictional claims-processing rule, *see Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 20 (2017), so there is no risk that this court will impermissibly enlarge a jurisdictional limit by reading FRAP 4(a)(4)(a) to mean that an FRCP 60(a) motion tolls the time for filing a notice of appeal.

circumstance, this court has jurisdiction over this appeal from a final judgment under 28 U.S.C. § 1291, and under FRCP 60(a) and Circuit Rule 57, it should enter a limited remand so that the district court may grant State Defendants' motion to correct the judgment, as the district court has indicated it will do. *See* Doc. 105.

## CONCLUSION

WHEREFORE, State Defendants-Appellants submit that if this court determines that an FRCP 60(a) motion tolls the time for filing a notice of appeal, it should stay this appeal pending the district court's resolution of their FRCP 60(a) motion and clarify that the district court has jurisdiction to resolve that motion, and, alternately, if it determines that an FRCP 60(a) motion does not toll the time for filing a notice of appeal, it should enter a limited remand so that the district court may rule on the motion.

Respectfully submitted,

**KWAME RAOUL**
Attorney General
State of Illinois

/s/ Priyanka Gupta
**PRIYANKA GUPTA**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2109
pgupta@atg.state.il.us

## CERTIFICATE OF FILING AND SERVICE

I certify that on November 16, 2020, I electronically filed the foregoing

**Jurisdictional Memorandum of State Defendants-Appellants** with the Clerk

of the Court for the United States Court of Appeals for the Seventh Circuit by using

the CM/ECF system.

I further certify that the other participant in this appeal is a CM/ECF user

and will be served by the CM/ECF system:

Thomas H. Dupree, Jr.
tdupree@gibsondunn.com

/s/ Priyanka Gupta
**PRIYANKA GUPTA**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2109
pgupta@atg.state.il.us